**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000397
06-DEC-2018
07:56 AM**

NO. CAAP-17-0000397

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DOUGLAS DAVID ALLEN BRAIN, Defendant-Appellant,

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DCW-16-0003004)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Douglas David Allen Brain (Brain) appeals from the Judgment and Notice of Entry of Judgment, filed on April 12, 2017, in the District Court of the Third Circuit, North and South Hilo Division (District Court).[1]

Brain was convicted of Harassment, in violation of Hawaii Revised Statutes (HRS) §711-1106(1)(b) (Supp. 2014).[2]

---

[1] The Honorable Harry P. Freitas presided.

[2] HRS § 711-1106 (1)(b) states:

§711-1106  Harassment.

(1)  A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

. . . .

(b)  Insults, taunts, or challenges another

On appeal, Brain claims (1) the District Court erred by sustaining relevance objections to his testimony describing the sequence of events, (2) the District Court erred by refusing to allow a defense rebuttal witness to testify, and (3) there was insufficient evidence to convict him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Brain's points of error as follows:

(1)  On appeal, Brain contends the District Court erred by excluding his testimony regarding his arrest by the police because it was relevant to determine the sequence of events, his state of mind, and his intent to harass or cause bodily injury to the complaining witness.  Brain contends the testimony was directly relevant to contradict the complaining witness's testimony and to show it was unlikely he would intend to harass the complaining witness while handcuffed and surrounded by police officers.

The complaining witness testified that after he confronted Brain about a noise disturbance, Brain made a hand gesture imitating a gun and said "if I had a gun right now, I would shoot you," prior to the police being called.  The District Court excluded Brain's testimony regarding his arrest because "everything that occurred with the police [was] irrelevant."  ""Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Rule 401 of the Hawaii Rules of Evidence (HRE).  Brain admitted making the statement to the complaining witness.  However, Brain also testified that the complaining witness "was around the corner and I turned my head

person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another;

and saw him, and I realized that this was all set up by him, and I'm in handcuffs. I pointed a couple of fingers at him and said if I had a gun, I'd shoot you." Brain's testimony regarding his arrest was relevant evidence tending to make it more probable he made the statement in reaction to his arrest and less likely the complaining witness would reasonably believe Brain intended to cause bodily injury. Therefore, the District Court erred by excluding such testimony.

(2) Brain contends that the District Court erred by refusing to allow a surrebuttal witness, Brandelynn Mason (Mason), to testify. When Brain requested to call Mason as a witness, the prosecutor raised the possibility that Mason might invoke her Fifth Amendment right during testimony, so it might require her to consult with counsel. The court then asked Mason if she knew that there were possible charges against her. She said yes, but she did not know what they would be. The court informed Mason that she might want to have an attorney and then asked her if she wanted an attorney. She said yes and, at that point, the court said that it would not allow Mason to take the stand. Mason did not refuse to testify.

"The right to compulsory process affords a defendant in all criminal prosecutions, not only the power to compel attendance of witnesses, but also the right to have those witnesses heard." State v. Acker, 133 Hawai'i 253, 281, 327 P.3d 931, 959 (2014) (quoting State v. Mitake, 64 Haw. 217, 224, 638 P.2d 324, 329 (1981)). "A trial court is not required to have a witness take the stand solely to invoke his privilege against self incrimination in front of the jury." Id. at 282, 327 P.3d at 960 (citation omitted). Once a witness appears in court and refuses to testify, the right to compulsory process is exhausted. Id. (citation omitted).

Mason only requested the assistance of an attorney after being cautioned that if she testified she may be asked questions and that charges related to the incident were possible. Therefore, it was error to preclude Mason from testifying at

trial without ascertaining whether she would testify and/or invoke her privilege against self incrimination if she were called to testify.

(3) When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007), there was sufficient evidence to convict Brain of Harassment. "Bodily injury" means physical pain, illness, or any impairment of physical condition. HRS § 707-700 (Supp. 2016). The District Court found the complaining witness's testimony credible, that Brain made the statement "if I had a gun, I'd shoot you," while in the doorway to his apartment prior to the arrival of the police. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted). Given the District Court's credibility assessment, Brain's statement was an insult, taunt, or challenge made in a manner likely to cause the complaining witness to reasonably believe Brain intended to cause bodily injury. The complaining witness also testified he felt his life was in danger. Sufficient evidence of Brain's intent to harass, annoy, or alarm the complaining witness was demonstrated by Brain's testimony that he was a "crack shot" and would have "hit [complaining witness] in the leg because that would be painful and I would want him to suffer at that point."

Although "[a]n appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge," Porter v. Hu, 116 Hawai'i 42, 59-60, 169 P.3d 994, 1011-12 (App. 2007) (quoting State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996)), the District Court lacked all the evidence to weigh Brain's credibility after excluding part of his testimony and did not weigh any testimony

4

of the excluded witness.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, filed on April 12, 2017, in the District Court of the Third Circuit, North and South Hilo Division, is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawaiʻi, December 6, 2018.

On the briefs:

Leneigha S. Downs,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

Jacqueline R. Maʻele,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Associate Judge

Associate Judge

5